OPINION
{¶ 1} Appellant, Idamay Fortune, appeals the decision of the Holmes County Court of Common Pleas granting a motion to stay proceedings pending arbitration. The appellee is Castle Nursing Homes, Inc. ("Castle"). The following facts give rise to this appeal.
 {¶ 2} Appellant is a former resident of Castle. On July 6, 2004, appellant filed a lawsuit against Castle alleging nursing home negligence after an aide, while assisting Fortune in the shower room, allegedly allowed her to fall to the floor, causing injury to her right leg. On October 1, 2004, Castle filed an amended answer alleging, among other things, that the dispute was subject to mandatory arbitration pursuant to Article VI of the admission agreement dated April 23, 2003. Castle also filed a motion to stay proceedings pending arbitration.
 {¶ 3} The trial court conducted a hearing on Castle's motion on November 24, 2004. The only evidence introduced at the hearing was the admission agreement. The parties stipulated that the agreement was authentic and signed by appellant at the time of her admission. At the conclusion of the hearing, the trial court took the matter under advisement. On December 3, 2004, the trial court issued a judgment entry denying Castle's motion.
 {¶ 4} Castle appealed the trial court's decision to this Court. InFortune v. Castle Nursing Homes, Inc., 164 Ohio App.3d 689,843 N.E.2d 1216, 2005-Ohio-6195, this Court found the arbitration clause at issue was substantively unconscionable but that Fortune was unable to establish procedural unconscionability because she failed to present any evidence concerning her bargaining position at the time she executed the *Page 3 
agreement. This Court reversed and remanded the case to the trial court for further proceedings.
 {¶ 5} On remand, the trial court held another hearing and took evidence on the issue of procedural unconscionability. The trial court found that appellant "failed to sustain her burden of proof" and "failed to establish procedural unconscionability." Journal Entry December 1, 2006. The trial court then granted the motion to stay and referral for binding arbitration. Id.
 {¶ 6} It is from this decision that appellant appeals raising a single assignment of error.
 {¶ 7} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION TO STAY THE WITHIN CASE PENDING BINDING ARBITRATION BECAUSE THE SUBJECT ARBITRATION CLAUSE IS BOTH PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE, AND THEREFORE, UNENFORCEABLE."
 I. {¶ 8} Appellant argues that the trial court erred when it failed to find procedural unconscionability.
 {¶ 9} "Unconscionability refers to the absence of a meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to one party. Collins v. ClickCamera Video, Inc. (1993) 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. Accordingly, unconscionability consists of two separate concepts: (1) substantive unconscionability, which refers to the commercial *Page 4 
reasonableness of the contract terms themselves, and (2) procedural unconscionability, which refers to the bargaining positions of the parties."
 {¶ 10} "`Substantive unconscionability involves those factors which relate to the contract terms themselves and whether they are commercially reasonable. Because the determination of commercial reasonableness varies with the content of the contract terms at issue in any given case, no generally accepted list of factors has been developed for this category of unconscionability. However, courts examining whether a particular limitations clause is substantively unconscionable have considered the following factors: the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. See [Fotomat Corp. of Florida v.] Chanda [(Fla.App. 1985) 464 So.2d 626]; [Richard A.] Berjian [D.O., Inc. v. Ohio Bell Tel. Co. (1978),54 Ohio St.2d 147, 8 O.O.3d 149, 375 N.E.2d 410].
 {¶ 11} "`Procedural unconscionability;' involves those factors bearing on the relative bargaining position of the contracting parties, e.g., "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question." Johnson v. Mobil Oil Corp. (E.D.Mich.1976), 415 F.Supp. 264, 268.'" Id.
 {¶ 12} "In order to negate an arbitration clause, a party must establish a quantum of both substantive and procedural unconscionability." (Citations omitted.) Id. at ¶ 20-23. *Page 5 
 {¶ 13} In this appeal, we will only address whether appellant was able to establish procedural unconscionability. Since this only involves legal issues, we apply the de novo standard of review. Fortune v. CastleNursing Homes, Inc., 164 Ohio App.3d 689, 843 N.E.2d 1216,2005-Ohio-6195, citing Eagle v. Fred Martin Motor Co., 157 Ohio App.3d,809 N.E.2d 1161, 2004-Ohio-829.
 {¶ 14} The only person to testify at hearing was appellant's son, James Fortune. He testified appellant was 70-years-old at the time she signed the agreement. Transcript November 29, 2006 at 5. Appellant had a high school education. T. at 6. Appellant had been a short order cook and worked in factories. T. at 7. Appellant raised two children as a single parent. T. at 15. She was able to purchase vehicles and a home on her own. T. at 15 and 16. She handled all of her business affairs on her own. T. at 16. There is no dispute that Castle drafted the contract. Appellant was given the agreement on April 23, 2003 but did not sign it until two days later on April 25, 2003. T. at 19. The agreement was given to appellant in the presence of her son. T. at 20. An employee of Castle highlighted some terms of the agreement. T. at 8. Appellant did not make any alterations to the printed terms. T. at 8.
 {¶ 15} At the time of the hearing, appellant was unable to testify on her own behalf. Instead, appellant's son testified to the best of his recollection. He could not testify with certainty that an employee of Castle did not discuss the agreement further with appellant. T. at 22. There was no evidence appellant was under stress or did not have time to review and comprehend the agreement.
 {¶ 16} Given these facts, we find that appellant was unable to establish procedural unconscionability. We further note that this was appellant's second chance *Page 6 
to present evidence on this issue and she failed to show the appropriate quantum of evidence to establish procedural unconscionability.
 {¶ 17} Appellant's assignment of error is overruled.
 {¶ 18} The judgment of the Holmes County Common Pleas Court is affirmed.
Delaney, J. and Edwards, J. concur Hoffman, P.J. concurs separately
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 7