HAYES, Appellant,

v.

OAKRIDGE HOME et al., Appellees.

[Cite as *Hayes v. Oakridge Home*, 175 Ohio App.3d 334, 2008-Ohio-787.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89400.

Decided Feb. 28, 2008.

Dickson & Campbell, L.L.C., and Blake A. Dickson, for appellant.

Buckingham, Doolittle & Burroughs, L.L.P., Dirk E. Riemenschneider, Thomas R. Himmelspach, and Beth A. Nagel, for appellees.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellant, Florence Hayes, appeals the trial court's granting of the motion to stay pending binding arbitration that was filed by appellee the Oakridge Home ("the nursing home"). After a thorough review of the record, and for the reasons set forth below, we reverse and remand.

{¶ 2} The facts that led to this appeal began on May 31, 2005, when Hayes was admitted to the nursing home. On that date, Hayes signed two arbitration agreements.

{¶ 3} On June 21, 2006, Hayes filed a complaint alleging that the nursing home was negligent or reckless. In her complaint, she alleged that she fell from her wheelchair and broke her hip on June 21, 2005. On August 23, 2006, the trial court granted the motion to stay filed by the nursing home, which asked the trial court to permanently stay the case and refer it to binding arbitration, pursuant to the arbitration agreement that Hayes had signed.

{¶ 4} Hayes brings this appeal, asserting one assignment of error for our review.

### Unconscionability of Arbitration Clause

{¶ 5} "I. The trial court erred by granting defendant's motion to stay, pending binding arbitration, because the arbitration clause at issue is procedural-

ly and substantively unconscionable. Therefore, the arbitration cause is unenforceable."

{¶ 6} Hayes argues that the trial court erred when it granted the nursing home's motion to stay pending arbitration. More specifically, she argues that the arbitration clause is procedurally and substantively unconscionable; therefore, it is unenforceable. We find merit in this argument. A review of the arbitration clause shows that it is unenforceable because it is substantively and procedurally unconscionable.

{¶ 7} Ordinarily, we review a trial court's granting of a motion to stay pending arbitration under an abuse-of-discretion standard. *Simon v. Commonwealth Land Title Ins. Co.*, Cuyahoga App. No. 84553, 2005-Ohio-1007, 2005 WL 563816. However, the question whether a contract is unconscionable involves only legal issues and is a question of law. *Fortune v. Castle Nursing Homes, Inc.*, Holmes App. No. 07 CA 001, 2007-Ohio-6447, 2007 WL 4227458.

{¶ 8} "[A]n arbitration clause is unenforceable if it is found by a court to be unconscionable. Unconscionability refers to the absence of a meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to one party." *Small v. HCF of Perrysburg*, Wood App. No. WD–04–036, 2004-Ohio-5757, 2004 WL 2426244, at ¶ 20, citing *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 621 N.E.2d 1294.

{¶ 9} Unconscionability comprises two separate concepts: (1) substantive unconscionability, which encompasses the commercial reasonableness of the terms of the contract, and (2) procedural unconscionability, which includes the bargaining position of the parties. Id. at ¶ 20.

{¶ 10} Substantive unconscionability involves factors including fairness of terms, charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. Id. at ¶ 21. Procedural unconscionability involves factors such as age, intelligence, education, business experience, bargaining power, who drafted the document, whether the terms were explained to the weaker party, whether alterations were possible, and whether there were alternative sources of supply. Id. at ¶ 22.

{¶ 11} "In order to negate an arbitration clause, a party must establish a quantum of both substantive and procedural unconscionability." Id. at ¶ 23. Here, the "agreement" section of the arbitration agreement signed by Hayes provided that "the parties agree that they shall submit to binding arbitration all medical malpractice disputes against each other * * *. * * * An arbitration hearing arising under this Arbitration Agreement shall be held in the county

where the Facility is located before a board of three arbitrators selected from the American Arbitration Association."

{¶ 12} The "agreement" section also included language stating that "each party may be represented by counsel in connection with all arbitration proceedings and each party agrees to bear their own attorney fees and costs. * * * [T]he award in arbitration shall not include any amount for exemplary or punitive damages."

{¶ 13} Finally, in the "acknowledgments" section, the arbitration agreement stated that "each party agrees to waive the right to a trial, before a judge or jury, for all disputes, including those at law or in equity, subject to binding arbitration under this Arbitration Agreement."

{¶ 14} The nursing home argues that the trial court properly granted its motion to stay pending arbitration pursuant to the arbitration agreement; however, Hayes argues that the arbitration agreement is both substantively and procedurally unconscionable and is, therefore, unenforceable.

## Substantive Unconscionability

{¶ 15} A review of the facts in this case shows that the arbitration agreement was clearly substantively unconscionable. The terms were not fair to Hayes, because they took away her rights to attorney fees, punitive damages, and a jury trial. A party does not forgo her substantive legal rights when she agrees to arbitration. *Morrison v. Circuit City Stores* (C.A.6, 2003), 317 F.3d 646, 670.

{¶ 16} Under the agreement, the parties agreed to waive their rights to a jury trial and to submit "all disputes against each other" to binding arbitration. Further, they agreed to bear their own attorney fees and that an award could not include punitive damages.

{¶ 17} "In a tort action, the trier of fact shall determine the liability of any defendant for punitive or exemplary damages and the amount of those damages." R.C. 2315.21(D)(1). "Punitive damages are awarded to punish the guilty party and deter tortious conduct by others." *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 660, 590 N.E.2d 737. "If punitive damages are proper, the aggrieved party may also recover reasonable attorney fees." *Locafrance U.S. Corp. v. Interstate Distrib. Servs., Inc.* (1983), 6 Ohio St.3d 198, 202–203, 6 OBR 252, 451 N.E.2d 1222. "Attorney fees can be a significant portion of a plaintiff's award." *Post v. Procare Automotive Serv. Solutions,* Cuyahoga App. No. 87646, 2007-Ohio-2106, 2007 WL 1290091.

{¶ 18} Under Ohio statute and case law, Hayes may recover punitive damages and attorney fees. The arbitration agreement attempts to require her to forgo those legal rights. Because the arbitration agreement requires Hayes to give up

her legal rights to a jury, punitive damages, and attorney fees, it is substantively unconscionable.

### Procedural Unconscionability

{¶ 19} In addition to being substantively unconscionable, the agreement is also procedurally unconscionable. Hayes was a 94–year–old woman with no business or contract experience. The nursing home, as a corporation whose lawyers drafted the agreement, had all of the bargaining power. No one explained the terms to Hayes, including the fact that she could alter the agreement. Although the agreement indicated that she could cancel, that information was listed among a myriad of terms, and there were numerous forms for her to fill out. Also, there were not alternative sources of supply for Hayes—finding a quality nursing home is difficult.

### Consideration

{¶ 20} Even if the agreement was not unconscionable, "courts may not force parties to arbitrate disputes if the parties have not entered into a valid agreement to do so." *Maestle v. Best Buy, Inc.*, Cuyahoga App. No. 79827, 2005-Ohio-4120, 2005 WL 1907282. "In order [to have] a valid contract * * *, there must be a 'meeting of the minds' * * *, which [includes] an offer[,] acceptance, and consideration." *Reedy v. Cincinnati Bengals, Inc.* (2001), 143 Ohio App.3d 516, 758 N.E.2d 678. Here, Hayes has given up her right to a trial and has received nothing in return.

{¶ 21} Hayes signed documents that she felt she had to sign in order to be admitted to the nursing home, including an arbitration agreement that we find to be substantively and procedurally unconscionable. Accordingly, we sustain this assignment of error.

{¶ 22} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BOYLE, J., concurs.

CALABRESE, P.J., dissents.

ANTHONY O. CALABRESE JR., Presiding Judge, dissenting.

{¶ 23} I respectfully dissent from my learned colleagues in the majority. I believe that there is significant evidence to demonstrate a meeting of the minds between the nursing home and appellant. Moreover, there is nothing in the record indicating that the terms were unconscionable.

{¶ 24} In the case at bar, appellant signed two arbitration agreements on May 31, 2005. The arbitration agreement concerning "future malpractice claims" is a two-page document with three sections: (I) an "Explanation," (II) the "Agreement," and (III) the "Acknowledgments." It is written in plain language with a minimum of legal terms.

{¶ 25} The "Explanation" section explains that the arbitration agreement is optional, a point also noted in the "Acknowledgments" section. An "Agreement" section also provides that any arbitration is to be conducted before three arbitrators, with each party choosing one arbitrator, and the two who are thereby selected choosing the third. The agreement says that the arbitration is conducted under the rules of procedure governing the American Arbitration Association, and it addresses the apportionment of costs: "Each party may be represented by counsel in connection with all arbitration proceedings and each party agrees to bear their own attorney fees and costs."

{¶ 26} In the final section, the agreement states that the resident "understands that he/she has the right to consult with an attorney of his/her choice, prior to signing this arbitration agreement." The document also allows the resident an opportunity to rescind the agreement "by giving written notice to the facility within 60 days of the resident's discharge from the facility." It states that "if not rescinded within 60 days of resident's discharge from the facility, this arbitration agreement shall remain in effect for all claims arising out of the resident's stay at the facility." The agreement concludes with four lines of text in bold type and in all capital letters, informing the resident "that by signing this arbitration agreement each has waived his/her right to a trial, before a judge or jury * * *."

{¶ 27} Appellant Hayes was not forced to sign the contract, and there was nothing to prevent her from changing or modifying the terms. In fact, appellant could have avoided signing the arbitration clause altogether and still have been admitted to the nursing home. Appellant's counsel argues that appellant was very old at the time she was asked to sign the forms, and the forms were complicated and confusing. However, appellant's advanced age does not preclude her from signing or comprehending an arbitration clause. An individual is assumed to be competent to sign a contract at the age of majority, unless proven otherwise. Appellant did not proffer any evidence demonstrating that she did not have the legal capacity to sign the arbitration clause. There is no evidence in the record concerning the education, employment history, cognitive abilities, or medical condition of appellant at the time she signed the agreement.

{¶ 28} The arbitration agreement in the case at bar was voluntary, was not a condition to admission to the facility, gave appellant an opportunity to rescind the agreement, and warned her that by signing the agreement she was waiving her right to trial. The parties to an agreement should be able to rely on the fact that

affixing a signature that acknowledges that one has read, understood, and agreed to be bound by the terms of an agreement means what it purports to mean. The parties to a contract must be able to rely on the statements enclosed in the documents asserting that the other party understood the terms and conditions of the agreement. *Butcher v. Bally Total Fitness Corp.*, Cuyahoga App. No. 81593, 2003-Ohio-1734, 2003 WL 1785027.

{¶ 29} The contract terms were clear, and there is nothing in the contract that would rise to the level of unconscionability. The evidence demonstrates that appellant had the mental capacity to understand the terms of the contract and that the contract provisions were fair and reasonable. Accordingly, I would affirm the lower court.