*64 O’Connor, J.
{¶ 1} This case concerns the enforceability of an arbitration agreement entered into between a nursing home and its resident. Appellee Florence Hayes[1] asserts that the arbitration clause was procedurally and substantively unconscionable, and she would have us fashion a rule that disfavors arbitration agreements between a nursing home and its resident. Conversely, appellant The Oakridge Home, a nursing home,[2] contends that an arbitration agreement cannot be set aside as procedurally unconscionable based only on the resident’s age. Oakridge further argues that the inclusion of terms in an arbitration agreement waiving the right to trial and the right to seek punitive damages and attorney fees is not a basis for a finding of substantive unconscionability.
{¶ 2} For the following reasons, we hold that an arbitration agreement voluntarily executed by a nursing-home resident upon her admission and not as a precondition to admission is not rendered procedurally unconscionable solely by virtue of the resident’s age. We further hold that an arbitration agreement voluntarily executed by a nursing-home resident and not as a precondition to admission that waives the right to trial and the right to seek punitive damages and attorney fees is not substantively unconscionable. We therefore reverse the judgment of the court of appeals and reinstate the judgment of the trial court.
I. Relevant Background
{¶ 3} On May 31, 2005, Hayes was admitted to Oakridge. She was 95 years old at the time of her admission. Upon her admission, Hayes signed an arbitration agreement whereby she agreed to submit any future malpractice claims against Oakridge to arbitration and to waive her right to trial and her right to recover punitive damages and attorney fees.
{¶ 4} The arbitration agreement states at the top in boldface capital letters that it is a voluntary agreement. In capital letters just below the heading, it instructs the resident to “please read carefully.” Section I of the agreement explains the benefits and the drawbacks of the arbitration process and reempha *65 sizes that the arbitration agreement is optional. Section III of the agreement again specifies that “execution of this Arbitration Agreement is voluntary” and states that execution “is not a precondition to receiving medical treatment at or for admission to the Facility.” The voluntariness of the parties’ consent is again stated in boldface capital letters at the end of the agreement, immediately above the signature lines.
{¶ 5} The arbitration agreement states that by executing the agreement, the parties are giving up their constitutional right to a jury trial. Section II provides that the parties must pay their own attorney fees and that any arbitration award shall not include any amount for exemplary or punitive damages.
{¶ 6} The agreement also contains the following “acknowledgments”:
{¶ 7} 1. The resident has been informed and acknowledges that the arbitration agreement cannot be submitted to the resident for approval when the resident’s condition prevents her from making a rational decision on whether or not to agree;
{¶ 8} 2. The resident understands that she has a right to consult with an attorney of her choice before signing the agreement; and
{¶ 9} 3. The resident understands, agrees to, and has received a copy of, the arbitration agreement, acknowledges that the terms have been explained to her by an agent of the facility, and acknowledges that she had the opportunity to ask questions about the arbitration agreement.
{¶ 10} Hayes and a representative of Oakridge both signed the arbitration agreement on the day she was admitted to the nursing home.
{¶ 11} Hayes filed this action in the Cuyahoga County Court of Common Pleas alleging that she had suffered injuries from a fall while she was a resident at Oakridge and that the fall was the direct and proximate result of the negligence and/or recklessness of Oakridge and/or its agents. Oakridge moved to stay the proceedings pursuant to R.C. 2711.02 on the grounds that Hayes’s allegations were covered by the arbitration agreement entered into between the parties. The trial court granted Oakridge’s motion to stay and ordered that all claims were to be resolved pursuant to the parties’ voluntary arbitration agreement.
{¶ 12} Hayes appealed to the Eighth District Court of Appeals. She argued that the trial court’s judgment was erroneous because the arbitration agreement was procedurally and substantively unconscionable. Oakridge countered that there was no evidentiary basis for a finding of procedural or substantive unconscionability.
{¶ 13} A divided court of appeals held that the arbitration agreement was both procedurally and substantively unconscionable. Hayes v. Oakridge Home, 175 Ohio App.3d 334, 2008-Ohio-787, 886 N.E.2d 928, ¶ 6. The appellate court found *66 that the arbitration agreement was substantively unconscionable because it took away Hayes’s rights to attorney fees, punitive damages, and a jury trial. Id. at ¶ 15 and 18. The court of appeals also ruled that the arbitration agreement was procedurally unconscionable because Hayes was a 95-year-old woman with no business or contract experience, and Oakridge had all the bargaining power. Id. at ¶ 19. The court further held that no one had explained the terms to Hayes, and there were no alternatives for her because finding a quality nursing home is difficult. Id.
{¶ 14} Oakridge appealed to this court, and we accepted jurisdiction to address two issues: (1) whether a nursing-home resident’s age can render an arbitration agreement executed by the resident procedurally unconscionable and (2) whether an arbitration agreement that waives a nursing-home resident’s right to trial and to recover punitive damages and attorney fees is substantively unconscionable. Hayes v. Oakridge Home, 119 Ohio St.3d 1407, 2008-Ohio-3880, 891 N.E.2d 768. We answer both questions in the negative.
II. Analysis
{¶ 15} Both the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration. R.C. Chapter 2711; Taylor Bldg. Corp. of Am. v. Benfield, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 27; Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859. As this court has stated, “ ‘[Arbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute.’ ” Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 712, 590 N.E.2d 1242, quoting Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. OBR Edn. Assn. (1986), 22 Ohio St.3d 80, 83, 22 OBR 95, 488 N.E.2d 872. Arbitration also has the additional benefit of unburdening crowded court dockets. Mahoning Cty. Bd. of Mental Retardation, 22 Ohio St.3d at 83, 22 OBR 95, 488 N.E.2d 872. In light of the strong presumption favoring arbitration, all doubts should be resolved in its favor. Ignazio v. Clear Channel Broadcasting, Inc., 113 Ohio St.3d 276, 2007-Ohio-1947, 865 N.E.2d 18, ¶ 18.
{¶ 16} The General Assembly has endorsed the strong policy in favor of arbitration of disputes in R.C. 2711.01(A), which provides that an arbitration agreement “shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.”
{¶ 17} R.C. 2711.02 provides for the enforcement of an arbitration agreement. A party to such an agreement may obtain a stay of litigation in favor of arbitration under R.C. 2711.02(B), which provides:
{¶ 18} “If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, *67 upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.”
{¶ 19} As noted above, an arbitration agreement is enforceable unless grounds exist at law or in equity for revoking the agreement. R.C. 2711.01(A). Unconscionability is a ground for revocation of an arbitration agreement. Taylor Bldg., 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33. In Taylor, we recently explained unconscionability in this context as follows:
{¶ 20} “Unconscionability includes both ! “an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.” ’ Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 383, 613 N.E.2d 183, quoting Williams v. Walker-Thomas Furniture Co. (C.A.D.C.1965), 350 F.2d 445, 449; see also Collins v. Click Camera & Video, Inc. (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. The party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable. See generally Ball v. Ohio State Home Servs., Inc., 168 Ohio App.3d 622, 2006-Ohio-4464, 861 N.E.2d 553, ¶ 6; see also Click Camera, 86 Ohio App.3d at 834, 621 N.E.2d 1294, citing White & Summers, Uniform Commercial Code (1988) 219, Section 4-7 (‘One must allege and prove a “quantum” of both prongs in order to establish that a particular contract is unconscionable’).” Taylor Bldg., 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 34.
{¶ 21} Upon appeal of a determination of whether an arbitration agreement is enforceable in light of a claim of unconscionability, the reviewing court employs a de novo standard of review. Id., 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 37.

A. Procedural Unconscionability

{¶ 22} We first address the issue of whether a nursing-home resident’s age, standing alone, renders an arbitration agreement executed by the resident procedurally unconscionable. We find that it does not.
{¶ 23} In determining whether an arbitration agreement is procedurally unconscionable, courts consider “the circumstances surrounding the contracting parties’ bargaining, such as the parties’ ‘ “age, education, intelligence, business acumen and experience, * * * who drafted the contract, * * * whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question.” ’ ” (Ellipses sic.) Taylor Bldg., 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 44, quoting Collins v. Click Camera, 86 Ohio *68 App.3d at 834, 621 N.E.2d 1294, quoting Johnson v. Mobil Oil Corp. (E.D.Mich. 1976), 415 F.Supp. 264, 268.
{¶ 24} Additional factors that may contribute to a finding of procedural unconscionability include the following: “ ‘belief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits from the contract; knowledge of the stronger party that the weaker party is unable reasonably to protect his interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement, or similar factors.’ ” Taylor Bldg., 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 44, quoting Eestatement of the Law 2d, Contracts (1981), Section 208, Comment d.
{¶ 25} In finding the arbitration agreement procedurally unconscionable, the court of appeals erroneously relied upon facts not in the record, a practice that the dissent has adopted as well. These purported facts include the following: (1) Hayes lacked any business or contract experience, (2) no one explained the terms of the agreement to Hayes, including the fact that she could alter the agreement, (3) the rescission clause was buried among a myriad of terms, and she was required to fill out numerous other forms at the same time, and (4) there were no alternative sources of supply because finding a quality nursing home is difficult. Hayes v. Oakridge Home, 175 Ohio App.3d 334, 2008-Ohio-787, 886 N.E.2d 928, ¶ 19.
{¶ 26} The only facts in evidence in this case pertaining to procedural unconscionability are Hayes’s age and the terms contained in the agreement she signed. Contrary to the court of appeals’ and Hayes’s assertions, there is no evidence in the record regarding Hayes’s educational background, business acumen, or experience.
{¶ 27} As the party challenging the enforceability of the arbitration agreement, it was Hayes’s burden to come forward with evidence supporting her challenge. She did not satisfy that burden. Indeed, the paucity of any evidence in support of her claims is notable.
{¶ 28} The agreement clearly delineated in several places that it was voluntary and not a condition of her admission to Oakridge. Further, by signing the agreement, Hayes acknowledged that she understood its terms, that an agent of Oakridge explained those terms to her, and that she had the opportunity to ask questions and consult with an attorney before signing. Moreover, the arbitration agreement was a free-standing document and was not simply a clause obscured within a lengthy contract.
{¶ 29} Hayes’s age, in and of itself, is not a sufficient basis for finding the agreement procedurally unconscionable. The presence or absence of any single *69 factor is generally insufficient for such a finding. Thus, we need not consider whether finding an arbitration agreement procedurally unconscionable solely on the basis of a party’s age would infringe on the right to contract in violation of the United States and Ohio Constitutions and would violate this court’s duty to defend the right to private contract. See Section 10, Clause 1, Article I, United States Constitution; Section 28, Article II, Ohio Constitution; Farmers Natl. Bank v. Delaware Ins. Co. (1911), 83 Ohio St. 309, 330, 94 N.E. 834 (this court must guard the constitutional right of private contract “zealously”). Our citizens do not lose their constitutional rights and liberties simply because they age.
{¶ 30} All of the factors must be examined and weighed in their totality in determining whether an arbitration agreement is procedurally unconscionable. These findings must be considered in tandem with the analysis on substantive unconscionability. A party challenging an arbitration agreement must prove a quantum of both procedural and substantive unconscionability. Taylor Bldg., 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 34.
{¶ 31} We therefore find that a voluntary arbitration agreement executed by a nursing-home resident upon her admission is not rendered procedurally unconscionable solely by virtue of the resident’s age.

B. Substantive Unconscionability

{¶ 32} The second issue for our consideration is whether an arbitration agreement that waives a nursing-home resident’s right to trial and the right to seek punitive damages and attorney fees is substantively unconscionable. The court of appeals held that because the arbitration agreement required Hayes to forgo her legal rights to a jury trial, punitive damages, and attorney fees, the agreement is substantively unconscionable. We disagree.
{¶ 33} An assessment of whether a contract is substantively unconscionable involves consideration of the terms of the agreement and whether they are commercially reasonable. John R. Davis Trust 8/12/05 v. Beggs, 10th Dist. No. 08AP-432, 2008-Ohio-6311, 2008 WL 5104808, ¶ 13; Dorsey v. Contemporary Obstetrics & Gynecology, Inc. (1996), 113 Ohio App.3d 75, 80, 680 N.E.2d 240. Factors courts have considered in evaluating whether a contract is substantively unconscionable include the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. John R. Davis Trust at ¶ 13; Collins v. Click Camera, 86 Ohio App.3d at 834, 621 N.E.2d 1294. No bright-line set of factors for determining substantive unconscionability has been adopted by this court. The factors to be considered vary with the content of the agreement at issue.
{¶ 34} The terms of the arbitration agreement between Hayes and Oakridge are commercially reasonable. With regard to the parties’ agreement to forgo the *70 right to trial, this court has already ruled that such an agreement is commercially reasonable. In fact, as this court noted in Taylor Bldg, waiver of the right to trial by jury is a necessary consequence of agreeing to have an arbitrator decide a dispute, and this aspect of an arbitration clause is not substantively unconscionable. Id., 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 55. We follow that holding today.
{¶ 35} The provisions in the agreement by which the parties waive their right to seek punitive damages and attorney fees are also commercially reasonable. Both parties must bear their own attorney fees and costs under the agreement, which is equitable to both parties. This provision is not one-sided or oppressive. We therefore find that the provision of the arbitration agreement eliminating both parties’ ability to recover attorney fees is not commercially unreasonable.
{¶ 36} Although the relinquishment of the right to seek punitive damages applies only to Hayes, that fact alone does not render the provision commercially unreasonable. The fact that a contractual provision is one-sided does not render it substantively unconscionable per se. By entering into the arbitration agreement, Oakridge also waived statutory legal rights that apply only to Oakridge.
{¶ 37} For example, Oakridge waived its legal right under R.C. 2323.42 to seek court costs and attorney fees. Under R.C. 2323.42, defendants in a medical claim can recover all court costs and reasonable attorney fees if the court determines that there was no reasonable good-faith basis for the plaintiffs claim or that, at some point during the litigation, the plaintiff lacked a good-faith basis for continuing to assert that claim.
{¶ 38} In addition, Oakridge also waived its legal right to pursue an action for filing a groundless complaint under R.C. 2323.51 and Civ.R. 11, which, if successful, could entitle Oakridge to recover expenses and attorney fees.
{¶ 39} Finally, Oakridge waived its right to seek a dismissal of Hayes’s action for failure to comply with Civ.R. 10(D)(2). See Fletcher v. Univ. Hosps. of Cleveland, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, paragraph one of the syllabus (holding that in a medical claim, a motion to dismiss is the appropriate response to a plaintiffs failure to file an affidavit of merit under Civ.R. 10(D)(2)). At the time this action was stayed by the trial court, Oakridge had filed a motion to dismiss Hayes’s complaint on the grounds that she failed to comply with Civ.R. 10(D)(2). The trial court ruled that Oakridge’s motion to dismiss was rendered moot by virtue of the stay.
{¶ 40} As outlined above, both parties relinquished legal rights by agreeing to arbitration. Hayes gave up her right to seek punitive damages, and Oakridge in turn gave up its right to seek legal costs, attorney fees, and an outright dismissal of the case. The critical factor herein is that Hayes voluntarily agreed to these *71 terms and was not forced to agree. She had the opportunity to reject a waiver of punitive damages or any of the other terms.
{¶ 41} For all of the foregoing reasons, we find that terms in an arbitration agreement between a nursing home and its resident that eliminate the right to trial and the right to seek punitive damages and attorney fees are not substantively unconscionable.

C. Contractual Consideration

{¶ 42} Although the issue of contractual consideration was not raised by Oakridge’s propositions of law, we feel compelled to briefly address this issue in light of the court of appeals’ holding. The appellate court held that the arbitration agreement was invalid for lack of consideration on the grounds that Hayes gave up her right to trial and received nothing in return. Hayes v. Oakridge Home, 175 Ohio App.3d 334, 2008-Ohio-787, 886 N.E.2d 928, ¶ 20. We disagree.
{¶ 43} The waiver of the right to a jury trial is a necessary consequence of agreeing to arbitration and is not unconscionable. Taylor Bldg., 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 55. Under the court of appeals’ opinion, every arbitration agreement would lack consideration and be rendered invalid. Such a result defies the strong policy favoring arbitration of disputes and the long-standing recognition of arbitration agreements as valid instruments. Both parties gave up their right to trial, as well as all correlating rights in the judicial process as discussed above. Moreover, Hayes was not required to sign the agreement, and it was unequivocally not a condition of her admission to the nursing home. Sufficient consideration exists for the arbitration agreement, notwithstanding the lower court’s opinion to the contrary.
III. Conclusion
{¶ 44} For the foregoing reasons, we hold that an arbitration agreement voluntarily executed by a nursing-home resident upon her admission and not as a precondition to admission is not rendered procedurally unconscionable solely by virtue of the resident’s age. We further hold that an arbitration agreement voluntarily executed by a nursing-home resident and not as a precondition to admission that eliminates the right to trial and to seek punitive damages and attorney fees is not substantively unconscionable. Accordingly, we reverse the judgment of the court of appeals and reinstate the order of the trial court.
Judgment reversed.
Moyer, C.J., and O’Donnell and Cupp, JJ., concur.
Lundberg Stratton and Lanzinger, JJ., concur in judgment only.
Pfeifer, J., dissents.

. Hayes died in February 2007, and Stephen Musser, executor of her estate, has replaced her as appellee in this appeal.

. “Nursing home” is being used in place of the more formal term “long-term care facility” or “skilled nursing facility.”