[Cite as *Harbour Portfolio VII, LP, v. Pulley*, 2015-Ohio-4399.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HARBOUR PORTFOLIO VII, LP, | : | APPEAL NOS. C-150080 |
| | | C-150090 |
| Plaintiff-Appellant, | : | TRIAL NO. 13CV-24981 |
| vs. | : | *O P I N I O N.* |
| ERIKA PULLEY, | : | |
| Defendant-Appellee. | : | |

Civil Appeals From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 23, 2015

*Weltman Weinberg & Reis Co., L.P.A.*, and *Jack J. Lah*, for Plaintiff-Appellant,

*The Matre Law Group, Co., L.P.A.*, and *Kerrie K. Matre*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**Mock, Judge.**

{¶1}    Plaintiff-appellant Harbour Portfolio VII, LP, ("Harbour") appeals the judgment of the Hamilton County Municipal Court denying its motion to stay the counterclaims brought by defendant-appellee Erika Pulley. Because nothing in the record supports the trial court's determination that the parties' arbitration agreement was unconscionable or otherwise unenforceable, we reverse the court's judgment and remand the matter for the trial court to issue a stay pending arbitration.

## *Background*

{¶2}    Pulley and Harbour entered into a land installment contract in January 2012. The contract contained an arbitration provision, which provided

> ARBITRATION: ANY dispute between these parties shall be decided by an arbitrator to be chosen by the parties or if the parties cannot agree on an arbitrator, them [sic] assigned by a court of competent jurisdiction, and such arbitration is mandatory and the judgment of the arbitrator shall be final and will be entered as judgment in a court of law of competent jurisdiction. The parties expressly and knowingly waive their right to a jury trial. Arbitration does not apply to eviction and[/]or foreclosure.

{¶3}    Harbour, alleging that Pulley was failing to make payments on the contract, filed a complaint for "forcible entry and detainer, and for forfeiture of land installment contract." Pulley, making a jury demand, counterclaimed for breach of

contract, unlawful eviction by lock out, retaliation, lock out and offering property for sale, conversion, harassment and intentional infliction of emotional distress.

{¶4} Eventually, for reasons not relevant to this appeal, Harbour withdrew its complaint and moved the trial court to stay the proceedings pending arbitration of Pulley's counterclaims. In response, Pulley argued that the arbitration provision was unconscionable, and therefore, invalid and unenforceable. It is unclear from the record whether the trial court heard oral argument on Harbour's motion for a stay, but, at the trial court's request, both parties submitted proposed findings of fact and conclusions of law. The trial court denied Harbour's motion without setting forth its reasons for doing so. Harbour now appeals.

### *Arbitration Agreements Favored*

{¶5} In its single assignment of error, Harbour maintains that the trial court erred by failing to enforce the arbitration agreement contained in the land installment contract.

{¶6} In Ohio, arbitration is strongly favored as a means for resolving disputes. *See* R.C. Chapter 2711; *Hayes v. The Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408. This policy is reflected in R.C. 2711.01(A), which provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Unconscionability is recognized as a ground for revocation. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 32.

{¶7} "A party asserting that an arbitration agreement is unconscionable must prove that it is **both** procedurally and substantively unconscionable." *Vaughn v. Paychex Ins. Agency, Inc.,* 1st Dist. Hamilton No. C-130396, 2014-Ohio-42, ¶ 9,

citing *Taylor* at ¶ 33; *Hayes,* 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, at ¶ 30 (holding that the party challenging the enforceability of the arbitration agreement has the burden to come forward with evidence supporting the challenge). A determination of procedural unconscionability involves consideration of the circumstances surrounding the parties' negotiations of the contract whereas a determination of substantive unconscionability involves consideration of the reasonableness of the terms of the agreement. *See Taylor* at ¶ 43. We review de novo a trial court's determination of whether an arbitration agreement is enforceable in light of alleged unconscionability. *Taylor* at ¶ 37.

{¶8}  To prove that the arbitration agreement in this case was invalid, Pulley had the high burden to show that it was both procedurally and substantively unconscionable. Without a showing on both aspects, Pulley's challenge to the validity of the arbitration provision must fail.

### *No Evidence of Procedural Unconscionability*

{¶9}  When determining procedural unconscionability, courts look at factors impacting the parties' negotiations "such as the parties' age, education, intelligence, business acumen and experience, * * * who drafted the contract, whether alterations in the printed terms were possible, and whether there were alternative sources of supply for the goods in question." *Taylor*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 43. However, "[i]nequality of bargaining power alone is insufficient to invalidate an otherwise enforceable arbitration contract * * * simply showing that a contract is 'preprinted' and that the arbitration clause is a required term, without more, fails to demonstrate the unconscionability of the arbitration clause." *Id.* at ¶ 44-45.

{¶10} While the arbitration agreement here is included in a preprinted contract and is a required term of that contract, there is no other evidence in the record that Pulley was coerced into agreeing to the arbitration provision. Although Pulley alleged facts in her counterclaims that could possibly demonstrate that the arbitration agreement was procedurally unconscionable, she did not present any evidence to support those allegations—there was no deposition testimony, no affidavit or any other documentary evidence to show her age, education level, intelligence, business acumen and experience. Because Pulley did not meet her burden to demonstrate procedural unconscionability of the arbitration agreement, the trial court erred by refusing to grant Harbour's motion for a stay of the proceedings pending arbitration. Consequently, we sustain the single assignment of error.

{¶11} We therefore reverse the trial court's judgment and remand the cause to the trial court with instructions to stay the proceedings pursuant to R.C. 2711.02.

Judgment reversed and cause remanded.

**HENDON, P.J.**, and **FISCHER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.