[Cite as *Pearl Leasing Co., L.L.C. v. Budoris*, 2016-Ohio-2628.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103096**

# PEARL LEASING CO., L.L.C.

PLAINTIFF-APPELLEE

vs.

# MARYANN BUDORIS

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-840846

**BEFORE:** E.T. Gallagher, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 21, 2016

**ATTORNEYS FOR APPELLANTS**

David J. Tocco
Kari B. Coniglio
David J. Gingerich
Vorys, Sater, Seymour & Pease, L.L.P.
200 Public Square, Suite 1400
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Sara M. Donnersbach
Matthew G. Burg
Weltman, Weinberg & Reis Co., L.P.A.
323 West Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Maryann C. Budoris ("Budoris"), appeals an order denying a motion for relief from judgment and to stay the case pending arbitration that was jointly filed with plaintiff-appellee, Pearl Leasing Co., L.L.C. ("Pearl"). She assigns the following two errors:

    1.  The trial court erred in not applying the Ohio Arbitration Act.

    2.  The trial court erred in not staying Pearl Leasing's claims, because the arbitration agreement is enforceable.

{¶2} We find merit to the appeal and reverse.

## I. Facts and Procedural History

{¶3} In February 2013, Budoris signed documents to admit her uncle, Edward Joseph Wrobel ("Wrobel"), into a licensed nursing home owned and operated by Pearl. The admission documents included an Ohio Alternative Dispute Resolution Agreement ("ADR Agreement"), signed by Wrobel and Carol Nichols, a representative of Pearl. The ADR Agreement provided, in relevant part:

> Nonpayment of Charges. Any dispute, disagreement, or claim of any kind arising out of, or related to the Agreement, or the breach thereof, regarding nonpayment by Resident for payments due to the Facility shall be settled in binding arbitration as set forth in Section C below, or arbitrated if mutually agreed to by the other parties.

Section C provided that "[a]ny claim or dispute arising out of or relating to this contract shall be resolved by binding arbitration by the parties." The ADR Agreement further

provided, in bold text, that "**[b]inding arbitration means that the parties are waiving their right to a trial, including their right to a jury trial, their right to a trial by a judge, and their right to appeal the decision of the arbitrator(s).**"

{¶4} Despite the terms of the ADR Agreement, Pearl filed a complaint against Budoris, as Wrobel's attorney-in-fact, alleging that Wrobel breached a contract by failing to pay for goods and services provided by Pearl. Budoris filed a motion to stay the action pending arbitration pursuant to the ADR Agreement. The trial court denied the motion even though it was unopposed, and Budoris appealed. Following mediation with this court's conference attorney, the parties agreed that independent arbitration was the correct forum.

{¶5} Accordingly, the parties filed a joint motion in the trial court seeking relief from judgment and to stay the case pending arbitration, and this court sua sponte remanded the case to the trial court with instructions to rule on the parties' jointly filed motions. The trial court subsequently denied the motions without opinion, and this appeal was reinstated. Pearl has not filed a brief in opposition to Budoris's merit brief.

## II. Law and Analysis

{¶6} In the first assignment of error, Budoris argues the trial court's failure to stay this litigation pending arbitration violates both public policy and the Ohio Arbitration Act, R.C. Chapter 2711. In the second assignment of error, Budoris argues the trial court should have stayed this litigation pursuant to the parties' ADR Agreement because the

agreement to arbitrate was enforceable. We discuss these assigned errors together because they both challenge the court's judgment denying the motion to stay.

{¶7} Public policy encourages arbitration as a method of settling disputes. *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711-712, 590 N.E.2d 1242 (1992). Arbitration is favored because it provides the parties "with a relatively expeditious and economical means of resolving a dispute." *Id.* R.C. 2711.02 states that a trial court "*shall* on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement." (Emphasis added.) Therefore, the court must indulge a strong presumption in favor of arbitration and resolve any doubts in favor of arbitrability. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998).

{¶8} Arbitration agreements are "'valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.'" *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33, quoting R.C. 2711.01(A). In other words, because arbitration agreements are contracts, they are subject to the same defenses as other contracts. *McCann v. New Century Mtge. Corp.*, 8th Dist. Cuyahoga No. 82202, 2003-Ohio-2752, ¶ 39, citing *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 684-685, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996) (generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements); *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 322 (6th Cir.1998). Common defenses include fraud, duress, and

unconscionability. *McCann* at ¶ 39. The party opposing arbitration bears the burden of establishing the grounds for revocation of the agreement. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 20.

{¶9} The appropriate standard of review on judgments pertaining to the enforceability of an arbitration agreement depends on the questions raised in challenging the applicability of the arbitration provision. *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7.

{¶10} As relevant here, we review the trial court's determination as to whether a party agreed to submit an issue to arbitration de novo. *Id*. at ¶ 7-8, citing *Shumaker v. Saks, Inc.,* 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.), and *Taylor* at ¶ 38.

{¶11} It is undisputed that the parties executed an arbitration agreement that specifically mandated that any dispute regarding nonpayment of charges were to be resolved in binding arbitration. Indeed, Pearl did not oppose Budoris's original motion to stay pending arbitration, joined in her motion for relief from judgment and to stay arbitration, and does not oppose the trial court's judgment on appeal. Therefore, because Pearl has not established any grounds on which the agreement should be revoked or found to be unenforceable, the presumption in favor of arbitrability has not been rebutted.

{¶12} Therefore, the trial court erred in denying the parties' joint motion for relief from judgment and the parties' joint motion to stay litigation pending arbitration. Accordingly, we sustain both the first and second assignments of error.

**{¶13}** The trial court's judgment is reversed. We remand the case to the trial court with instructions to stay the case pending arbitration.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR