LYNN, Appellee,

v.

McKINLEY GROUND TRANSPORT, L.L.C., Appellant.

[Cite as *Lynn v. McKinley Ground Transport, L.L.C.*,
185 Ohio App.3d 146, 2009-Ohio-6088.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2009CA00029.

Decided Nov. 16, 2009.

Amanda M. Paar and John D. Ramsey, for appellee.

Christopher J. Freeman, for appellant.

FARMER, Presiding Judge.

{¶ 1} On November 20, 2008, appellee, Steven Lynn, filed a complaint against his previous employer, appellant, McKinley Ground Transport, L.L.C. Appellee alleged a violation of the whistleblower statute, wrongful discharge, interference with a business/contractual relationship, intentional infliction of emotional distress, and defamation.

{¶ 2} On December 8, 2008, appellant filed a motion to stay proceedings pending arbitration pursuant to a dispute-resolution/arbitration agreement signed by appellee on November 29, 2007. Appellee responded, arguing that the agreement was unconscionable and therefore unenforceable. A hearing before a magistrate was held on January 22, 2009. By nunc pro tunc judgment entry filed February 11, 2009, the trial court, without the benefit of a magistrate's decision, denied the motion for stay, finding that the agreement was unconscionable and unenforceable.

{¶ 3} Appellant filed an appeal, and this matter is now before this court for consideration. The assignment of error is as follows:

{¶ 4} "The trial court erred as a matter of law in denying appellant's motion to stay proceedings pending arbitration."

{¶ 5} Appellant claims that the trial court erred in denying its motion for stay after finding that the arbitration agreement of appellee's employment contract was unconscionable and unenforceable. We agree.

{¶ 6} Appellee argued that the subject arbitration agreement was unconscionable. Whether an arbitration clause is unconscionable is a question of law. *Ins. Co. of N. Am. v. Automatic Sprinkler Corp.* (1981), 67 Ohio St.2d 91, 21 O.O.3d 58, 423 N.E.2d 151. Questions of law are reviewed de novo. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12.

{¶ 7} The arbitration agreement at issue states the following:

{¶ 8} "Agreement to the terms stated in this policy and execution of this form is a condition of employment with McKinley Ground Services LLC:

{¶ 9} "In the event that a dispute or claim arises that:

{¶ 10} "concerns any aspect, part, or portion of Employee's employment with McKinley Ground Services LLC, including, but not limited to disputes or claims of discrimination on the basis of sex, race, age, national origin, marital status, religion, or disability, including, specifically, but without limiting the generality of the foregoing, any claims under the Age Discrimination in Employment Act, as amended (the 'ADEA'), Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act, or any state laws, rules or regulations regarding the same, any claim arising from Employee's employment with McKinley Ground Services LLC or the performance of his or her duties with McKinley Ground Services LLC, any and all claims of wrongful or unjust discharge, sexual harassment, retaliatory discharge or breach of any contract or promise express or implied, any and all claims based on contract, tort or otherwise, and any or all claims under or relating to any and all employment compensation, employee benefits, employee severance, or employee incentive bonus plans and arrangements or

{¶ 11} "arises under the terms of McKinley Ground Services LLC's employee handbook or other policy or procedure issued and utilized by McKinley Ground Services LLC

{¶ 12} "then Employee and McKinley Ground Services LLC agree to submit such dispute or claim to binding arbitration through and pursuant to the rules of the American Arbitration Association (AAA).* * *

{¶ 13} "Employees knowingly, voluntarily and willingly agree to submit any claim or dispute described above (or any other direct or indirect claim involving or arising from Employee's employment with McKinley Ground Services LLC) to arbitration and hereby agrees to waive and forgo and (sic) right or entitlement that Employee may have had to submit such claims to a court of law (including the possible right to have a jury hear such claims or disputes) or other tribunal or agency."

{¶ 14} Appellee signed this agreement on November 29, 2007.

{¶ 15} The complaint in this case alleged a violation of the whistleblower statute (R.C. 4113.52) (Count 1), wrongful discharge (Count 2), interference with a business/contractual relationship (Count 3), intentional infliction of emotional distress (Count 4), and defamation (Count 5). Appellee was terminated on May 26, 2008. The actions giving rise to Counts 3 and 5 occurred between May 27 and 28, 2008, a time period that was after appellee's employment. We therefore conclude that the allegations made in Counts 3 and 5 are not subject to the arbitration clause of the employment contract. Thus, the trial court did not err in retaining jurisdiction over Counts 3 and 5.

{¶ 16} In reviewing Count 4 vis-à-vis the statement of facts, we find that the allegations therein are relative to emotional distress during appellee's employment. During the hearing, appellee argued that Count 4 should be resolved with Counts 3 and 5. However, this claim rests upon the issue of the conscionability of the arbitration agreement.

{¶ 17} Unconscionability rests on a two-prong analysis: substantive and procedural. *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161. Substantive unconscionability relates to the contract terms themselves and whether they are commercially reasonable. Procedural unconscionability deals with those factors relating to the ultimate bargaining positions of the contracting parties, i.e., age, education, intelligence, business acumen, and experience.

{¶ 18} In *Eagle*, our brethren from the Ninth District explained the following:

{¶ 19} "An unconscionable contract clause is one in which there is an absence of meaningful choice for the contracting parties, coupled with draconian contract terms unreasonably favorable to the other party. *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. Thus, the doctrine of unconscionability consists of two separate concepts:

{¶ 20} " '(1) [U]nfair and unreasonable contract terms, i.e., "substantive unconscionability," and (2) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e.,

"procedural unconscionability." * * * These two concepts create what is, in essence, a two-prong test of unconscionability. One must allege and prove a "quantum" of both prongs in order to establish that a particular contract is unconscionable.' (Citations omitted.) [*Collins v. Click Camera & Video, Inc.*], 86 Ohio App.3d at 834, 621 N.E.2d 1294." *Eagle*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, ¶ 30.

{¶ 21} In *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 30, the Supreme Court of Ohio stated the following:

{¶ 22} "All of the factors must be examined and weighed in their totality in determining whether an arbitration agreement is procedurally unconscionable. These findings must be considered in tandem with the analysis on substantive unconscionability. A party challenging an arbitration agreement must prove a quantum of both procedural and substantive unconscionability."

{¶ 23} As also noted by the *Hayes* court at ¶ 25–26, the factors relied upon to find procedural unconscionability must be facts in the record. We note that no evidence was taken during the January 29, 2009 hearing. Appellee argued that the arbitration agreement was an adhesion contract, there was great disparity between the parties' bargaining powers, and appellant had drafted the agreement. Appellee had only a GED, whereas appellant was a business.

{¶ 24} The arbitration agreement is in small print (although it is clearly marked that it is a "Dispute Resolution–Arbitration" agreement) and is contained on a separate piece of paper. Appellee argued that the agreement did not provide any particulars as to the discovery process, burdens of proof, or whether the arbitration was binding. During oral argument, appellee pointed out the length of a one-sentence paragraph.

{¶ 25} From the arguments made during the January 29, 2009 hearing and the verified complaint, the trial court found that the agreement was unconscionable on three factors. See nunc pro tunc judgment entry filed February 11, 2009. First, appellee was modestly educated and appellant was a business. If this reason was sufficient to invalidate an arbitration agreement, there would be no agreement that could withstand such strict scrutiny save a corporate executive-employment agreement.

{¶ 26} Second, the trial court found that appellee did not have the opportunity to review the agreement. Neither in the verified complaint nor during the hearing did appellee produce such evidence. Failure to review an agreement is not an excuse. *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 692 N.E.2d 574. Appellee cites the case of *Butcher v. Bally Total Fitness Corp.*, Cuyahoga App. No. 81593, 2003-Ohio-1734, 2003 WL 1785027, as the proper procedure to use in providing an employee with "reasonable opportunities

and mechanisms to communicate the meaning and purpose" of an arbitration agreement. Evidence was not presented to establish that appellee questioned the agreement or failed to read it.

{¶ 27} Last, the trial court found that within the agreement itself, the terms were not sufficiently spelled out. The trial court found that the agreement did not state whether it was binding or not and made no mention of the time limitation for bringing any claims. As cited previously, the last two paragraphs of the agreement specifically state that the arbitration is binding and that the employee "hereby agrees to waive and forgo and (sic) right or entitlement that Employee may have had to submit such claims to a court of law (including the possible right to have a jury hear such claims or disputes) or other tribunal or agency."

{¶ 28} We find that the trial court erred in finding that the agreement did not state that the arbitration was binding, but was correct in finding that it did not set forth a time limitation for bringing any claims.

{¶ 29} Of all the factors relied upon by the trial court, the only one supported by the record is the issue of a time limitation for bringing any claims. As the *Hayes* court stated:

{¶ 30} "Hayes's age, in and of itself, is not a sufficient basis for finding the agreement procedurally unconscionable. The presence or absence of any single factor is generally insufficient for such a finding. Thus, we need not consider whether finding an arbitration agreement procedurally unconscionable solely on the basis of a party's age would infringe on the right to contract in violation of the United States and Ohio Constitutions and would violate this court's duty to defend the right to private contract. See Section 10, Clause 1, Article I, United States Constitution; Section 28, Article II, Ohio Constitution; *Farmers Natl. Bank v. Delaware Ins. Co.* (1911), 83 Ohio St. 309, 330, 94 N.E. 834 (this court must guard the constitutional right of private contract 'zealously'). Our citizens do not lose their constitutional rights and liberties simply because they age." *Hayes*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 29.

{¶ 31} Contrary to appellee's assertions, the following factors support enforcing the arbitration agreement: the agreement was on a separate single sheet of paper conspicuously labeled "DISPUTE RESOLUTION—ARBITRATION," it specifically referred to an employee handbook, it labeled the arbitration as binding, it set forth Summit County as the appropriate jurisdiction, and it included a waiver to submit claims to a court of law and the right to a jury trial.

{¶ 32} The state of the evidence or lack thereof is sufficient to find that neither substantive nor procedural unconscionability was proven in this case.

{¶ 33} Upon review, we find that the trial court erred in denying appellant's motion to stay the proceedings pending arbitration.

{¶ 34} The sole assignment of error is granted as to Counts 1, 2, and 4.

{¶ 35} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part, and the cause is remanded.

Judgment affirmed in part
and reversed in part,
and cause remanded.

HOFFMAN and DELANEY, JJ. concur.