[Cite as *Marion v. AWHR, L.L.C.*, 2012-Ohio-2912.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SANDRA MARION, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellees | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 2012CA00005 |
| AWHR, LLC, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, Case No. 2011CV03165

JUDGMENT:                    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      June 22, 2012

APPEARANCES:

For Appellants:                        For Appellees:

CRAIG S. COBB                          DANIEL J. FUNK
55 Public Square, Suite 1580           400 S. Main St.
Cleveland, OH 44113                    North Canton, OH 44720

*Delaney, P.J.*

{¶1} Defendant-Appellant AWHR, LLC appeals the December 9, 2011 judgment of the Stark County Court of Common Pleas to deny the motion to compel arbitration and stay proceedings filed by AWHR, LLC. Plaintiffs-Appellees are Sandra Marion and Ted Marion.

{¶2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

This appeal shall be considered in accordance with the aforementioned rule.

## FACTS AND PROCEDURAL HISTORY

{¶3} On February 5, 2009, AWHR installed a hot water tank and circulating pump for the Marions at their residence. On that same day, a representative of AWHR and Sandra Marion entered in a written agreement entitled: "AWHR Appliance Lifetime Warranty and Service Plan Agreement." The terms of the Agreement provide for the installation and maintenance by AWHR of the hot water tank for a monthly charge of $17.99 per month.

{¶4} Paragraph 17 of the Agreement states:

<u>Mandatory Arbitration of Disputes</u>.  ANY CLAIM, CONTROVERSY OR DISPUTE OF ANY KIND BETWEEN THE CUSTOMER AND THE COMPANY ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION OR ANY OTHER LEGAL OR EQUITABLE THEORY) SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION, PURSUANT TO THE FOLLOWING TERMS: (i) The Federal Arbitration Act not state law, shall govern the arbitration process and the question of whether a claim is subject to arbitration.  The customers, however, retains [sic] the right to take any claim, controversy or dispute that qualifies to small claims court rather than arbitration.  (ii) A single arbitrator engaged in the practice of law will conduct the arbitration.  The arbitrator will be selected according to the rules of the American Arbitration Association or alternatively, may be selected by agreement of the parties, who shall cooperate in good faith to select the arbitrator.  The arbitration shall be conducted by, and under the then applicable rules of, the American Arbitration Association.  Any required hearing fees and costs shall be paid by the parties as required by the applicable rules, but the arbitrator shall have the power to apportion such costs as the arbitrator deems appropriate.  (iii) The arbitrator's decision and award will be final and binding, and judgment on the award rendered by the arbitrator may be entered in any court with jurisdiction.  (iv) No claim, controversy or dispute may be joined in an arbitration with a claim,

controversy or dispute of any other person, or resolved on a class-wide basis. The arbitrator may not award damages that are barred by this Agreement, and the Customer and the Company both waiver any claim for an award of damages that is excluded under this Agreement.

{¶5} The hot water tank leaked and caused water and mold damage to the Marion's residence.

{¶6} After the unsuccessful settlement of their claim through the insurance providers for AWHR, the Marions filed a Complaint with the Stark County Court of Common Pleas. The Complaint named AWHR and its insurer Zurich dba Maryland Casualty Insurance Company as defendants. In the Complaint, the Marions alleged the following against AWHR:

4. The Plaintiffs entered into an agreement with the Defendant, AWHR, LLC, for the installation, leasing and servicing of a hot water tank and circulating pump (see attached Exhibit A [AWHR Appliance Lifetime Warranty and Service Plan Agreement]).

* * *

COUNT ONE: BREACH OF EXPRESS/IMPLIED WARRANTY OF FTNESS [sic]

6. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-5 of their Complaint as if fully rewritten here.

7. At the time of entering above referenced agreement, Defendant, AWHR, LLC, expressly and/or impliedly warrantied [sic] that the installed hot water tank would function properly.

8. Defendant, AWHR, LLC, materially breached its' [sic] express and/or implied warranty of fitness and duty to provide an operable and non-defective hot water tank.

{¶7} AWHR filed an Answer to the Complaint asserting an affirmative defense that the claims were subject to a mandatory arbitration provision in the Agreement. AWHR filed a Motion to Compel Arbitration and Stay. The Marions filed a response to the motion. In their response, the Marions argued their claim in the Complaint against AWHR was not based on the Agreement. AWHR filed a reply.

{¶8} On December 9, 2011, the trial court held a non-oral hearing and denied the Motion to Compel Arbitration and Stay. The trial court found the arbitration clause was both substantively and procedurally unconscionable as it relates to a consumer in a consumer setting. It further held the claims presented by the Marions were not based on the Agreement and therefore not subject to arbitration.

{¶9} It is from this judgment AWHR now appeals.

## ASSIGNMENTS OF ERROR

{¶10} AWHR raises two Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED WHEN IT DENIED AWHR'S MOTION TO COMPEL ARBITRATION AND STAY AFTER FINDING THE ARBITRATION PROVISION TO BE UNCONSCIONABLE WHERE APPELLEES MADE NO SUCH ARGUMENT AND PRESENTED NO EVIDENCE TO SUPPORT THAT CONCLUSION.

{¶12} "II. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLEES' CLAIMS FELL OUTSIDE OF THE CONTRACT AND THEREFORE WERE NOT SUBJECT TO ARBITRATION.

### ANALYSIS

{¶13} The Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15 citing R.C. Chapter 2711 and *Taylor Bldg. Corp of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 27. Because of the strong presumption favoring arbitration, all doubts should be resolved in its favor. *Hayes, supra* citing *Ignazio v. Clear Channel Broadcasting, Inc.* 113 Ohio St.3d 276, 2007-Ohio-1947, 865 N.E.2d 18, ¶ 18.

### *UNCONSCIONABILITY*

{¶14} AWHR argues in its first Assignment of Error that the trial court erred as a matter of law in finding the arbitration clause was both procedurally and substantively unconscionable. We agree.

{¶15} An arbitration agreement is enforceable unless grounds exist at law or in equity for revoking the agreement. R.C. 2711.01(A). Unconscionability is a ground for revocation of an arbitration agreement. *Taylor Bldg., supra* at ¶ 33. Whether an arbitration clause is unconscionable is a question of law for which the reviewing court employs a de novo standard of review. *Taylor Bldg., supra* at ¶ 37.

{¶16} This Court examined the unconscionability of an arbitration agreement in *Lynn v. McKinley Ground Transport, LLC*, 185 Ohio App.3d 146, 2009-Ohio-6088 (5th Dist.). We stated:

Unconscionability rests on a two-prong analysis: substantive and procedural. *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161. Substantive unconscionability relates to the contract terms themselves and whether they are commercially reasonable. Procedural unconscionability deals with those factors relating to the ultimate bargaining positions of the contracting parties, i.e., age, education, intelligence, business acumen, and experience.

In *Eagle*, our brethren from the Ninth District explained the following:

"An unconscionable contract clause is one in which there is an absence of meaningful choice for the contracting parties, coupled with draconian contract terms unreasonably favorable to the other party. *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. Thus, the doctrine of unconscionability consists of two separate concepts:

"'(1) [U]nfair and unreasonable contract terms, i.e., "substantive unconscionability," and (2) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., "procedural unconscionability." * * * These two concepts create what is, in essence, a two-prong test of unconscionability. One must allege and prove a "quantum" of both prongs in order to establish that a particular contract is unconscionable.' (Citations omitted.) [*Collins v. Click Camera & Video, Inc.*], 86 Ohio App.3d at 834, 621 N.E.2d

1294." *Eagle*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, ¶ 30.

In *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 30, the Supreme Court of Ohio stated the following:

"All of the factors must be examined and weighed in their totality in determining whether an arbitration agreement is procedurally unconscionable. These findings must be considered in tandem with the analysis on substantive unconscionability. A party challenging an arbitration agreement must prove a quantum of both procedural and substantive unconscionability."

*Lynn, supra* at ¶ 17-22.

{¶17} AWHR argues the Marions failed to meet their burden to allege and prove a quantum of both substantive and procedural unconscionability of the arbitration clause. We agree. A trial court's determination of procedural and substantive unconscionability must be based on the evidence in the record. *See Lynn, supra* at ¶ 23, 26, and 32. In this case, there is no evidence in the record, other than the Agreement and the arbitration clause, to support the trial court's finding the arbitration clause was procedurally and substantively unconscionable. The trial court held a non-oral hearing on the Motion. The Marions' response to the Motion to Compel Arbitration and Stay did not raise the argument of unconscionability.

{¶18} Accordingly, the first Assignment of Error of AWHR is sustained.

{¶19} AWHR next argues the trial court erred in determining the Marions' claims against AWHR were not based on the Agreement. We agree.

{¶20} The Marions argued in their response to the Motion that the Agreement was a service contract and not the basis of their claim for breach of warranty to provide an operable and non-defective hot water tank. In their Complaint, however, the Marions alleged:

4. The Plaintiffs entered into an agreement with the Defendant, AWHR, LLC, for the installation, leasing and servicing of a hot water tank and circulating pump (see attached Exhibit A [AWHR Appliance Lifetime Warranty and Service Plan Agreement]).

* * *

COUNT ONE: BREACH OF EXPRESS/IMPLIED WARRANTY OF FTNESS [sic]

6. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-5 of their Complaint as if fully rewritten here.

7. At the time of entering above referenced agreement, Defendant, AWHR, LLC, expressly and/or impliedly warrantied [sic] that the installed hot water tank would function properly.

8. Defendant, AWHR, LLC, materially breached its' [sic] express and/or implied warranty of fitness and duty to provide an operable and non-defective hot water tank.

{¶21} The arbitration clause reads in pertinent part:

ANY CLAIM, CONTROVERSY OR DISPUTE OF ANY KIND BETWEEN THE CUSTOMER AND THE COMPANY ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION OR ANY OTHER LEGAL OR EQUITABLE THEORY) SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION * * *

{¶22} The Marions' claim for breach of warranty is within the Agreement and is subject to the arbitration clause.

{¶23} The second Assignment of Error of AWHR is sustained.

## CONCLUSION

{¶24} Upon review, we find the trial court erred in denying AWHR's Motion to Compel Arbitration and Stay. AWHR's Assignments of Error are sustained.

{¶25} The judgment of the Stark County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion and law.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS


PAD:kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


SANDRA MARION, et al.           :
                                :
    Plaintiffs-Appellees        :      JUDGMENT ENTRY
                                :
                                :
-vs-                            :
                                :      Case No.   2012CA00005

AWHR, LLC, et al.                  :
                                         :

     Defendants-Appellants         :

                                         :

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded. Costs assessed to Appellees.

<br>

_____
 HON. PATRICIA A. DELANEY

<br>

_____
 HON. JOHN W. WISE

<br>

_____
 HON. JULIE A. EDWARDS