[Cite as *Vaughn v. Paychex Ins. Agency, Inc.*, 2014-Ohio-42.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| RANDY VAUGHN, | : | APPEAL NO. C-130396<br>TRIAL NO. A-1204123 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| PAYCHEX INSURANCE AGENCY, INC., | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: January 10, 2014

*Clements Taylor & Cohen, LPA, Co., Catharin R. Taylor*, and *Mackenzie M. Farmer*, for Plaintiff-Appellee,

*Taft Stettinius & Hollister, LLP, Samuel M. Duran*, and *Beth A. Bryan*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Presiding Judge.**

{¶1} Defendant-appellant Paychex Insurance Agency, Inc., appeals the judgment of the Hamilton County Common Pleas Court denying its motion to stay this action by plaintiff-appellee Randy Vaughn, pending arbitration. Because nothing in the record supports the trial court's determination that the parties' arbitration agreement was unconscionable or otherwise unenforceable, we reverse the court's judgment and remand the matter for the trial court to issue a stay pending arbitration.

### *Relevant Background*

{¶2} In May 2006, Vaughn was the sole owner of Vaughn Maintenance Services, LLC, when he filed paperwork with the Ohio Bureau of Workers' Compensation ("BWC") electing to have self-coverage under the workers' compensation system. He signed a two-page contract on behalf of the company entitled, "Paychex Ohio Workers' Compensation Payment Service Agreement." Under the contract, Paychex agreed to remit premiums for workers' compensation coverage to the BWC.

{¶3} In August 2010, Vaughn suffered a work-related injury, and the BWC denied him workers' compensation benefits.

{¶4} In May 2012, Vaughn initiated this action against Paychex for breach of contract and for negligence. Vaughn alleged that Paychex had breached the contract by cancelling his workers' compensation coverage without his knowledge and by failing to pay the necessary workers' compensation premiums. In his negligence claim, Vaughn alleged that Paychex had breached its duty to him by breaching the contract. As a result of Paychex's conduct, he alleged, he was denied the right to participate in the Ohio workers' compensation system for his 2010 injury.

{¶5} In response, Paychex filed a motion to dismiss Vaughn's complaint or to stay the action pending arbitration. Paychex argued that Vaughn was bound by the contract's arbitration clause, which provided in pertinent part:

> **14. Governing Law and Arbitration**. The Agreement shall be governed by the laws of the State of New York. Except as provided herein, any dispute arising out of, or in connection with, the Agreement shall be determined by binding arbitration in Rochester, New York, in accordance with the commercial rules of the American Arbitration Association. * * * Client hereby waives any jurisdictional defenses and submits to the exclusive jurisdiction of the New York courts.

{¶6} The trial court heard arguments on Paychex's motion, but it did not receive any evidence at the hearing. Thereafter, on June 3, 2013, the court issued its decision denying the motion upon its finding that the contract's arbitration clause was unconscionable. On June 26, 2013, Paychex filed a timely notice of appeal. Two days later, Vaughn filed an affidavit in the trial court with respect to the contract negotiations.

### *Arbitration is Strongly Favored*

{¶7} In three assignments of error, Paychex argues that the court erred by (1) failing to find that the arbitration clause was valid and enforceable; (2) finding that the clause was procedurally unconscionable; and (3) finding that the clause was substantively unconscionable.

{¶8} In Ohio, arbitration is strongly favored as a means for resolving disputes. *See* R.C. Chapter 2711; *Hayes v. The Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408. This is reflected in R.C. 2711.01(A), which provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, except upon grounds that exist at

law or in equity for the revocation of any contract." Unconscionability is recognized as a ground for revocation. *Taylor Bldg. Corp. of Amer. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 32.

{¶9} A party asserting that an arbitration agreement is unconscionable must prove that it is both procedurally and substantively unconscionable. *Taylor* at ¶ 33. A determination of procedural unconscionability involves consideration of the circumstances surrounding the parties' negotiations, while a determination of substantive unconscionability involves consideration of the reasonableness of the terms of the agreement. *See Taylor* at ¶ 43; *Hayes* at ¶ 32. We review de novo a trial court's determination of whether an arbitration agreement is enforceable in light of alleged unconscionability. *Taylor* at ¶ 37.

{¶10} In order to overcome the presumption of the validity of the arbitration agreement in this case, Vaughn had the burden to demonstrate that it was both procedurally and substantively unconscionable. Without a showing on both aspects, Vaughn's challenge to the validity of the agreement must fail.

### No Evidence of Procedural Unconscionability

{¶11} At the hearing before the trial court, Vaughn presented no evidence of the circumstances surrounding the parties' contract negotiations. In finding that the arbitration agreement was procedurally unconscionable, the trial court erroneously relied upon facts not in the record. *See Hayes* at ¶ 25. Moreover, we cannot consider any assertions in the affidavit that Vaughn filed well after the trial court's judgment. Because Vaughn failed to demonstrate the procedural unconscionability of the arbitration agreement, the trial court erred by refusing to grant Paychex's motion for a stay of proceedings pending arbitration. Consequently, we sustain the first and second assignments of error. Given our disposition of these assignments of error, the third assignment of error is moot.

**{¶12}** We therefore reverse the trial court's judgment and remand the cause to the court with instructions to stay the proceedings pursuant to R.C. 2711.02.

Judgment reversed and cause remanded.

**DINKELACKER** and **DEWINE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.