[Cite as *Booher v. Brace Quest Corp.*, 2018-Ohio-3598.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| MIKE BOOHER, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 27918 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-1479 |
| | : | |
| BRACE QUEST CORP., dba eLOG HOMES | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of September, 2018.

. . . . . . . . . . .

DAVID M. DUWEL, Atty. Reg. No. 0029583, 130 West Second Street, Suite 2101, Dayton, Ohio 45402
    Attorney for Plaintiffs-Appellants

MARTIN A. FOOS, Atty. Reg. No. 0065762, 201 East Sixth Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Plaintiffs-appellants, Mike Booher and Lynda Booher, appeal from the trial court's "Decision, Order and Entry Denying Defendant's Motion to Dismiss and Granting [Defendant's] Alternative Motion to Stay Proceedings and Enforce Arbitration," a final, appealable order docketed on January 29, 2018. In the order, the trial court stayed further proceedings pursuant to an arbitration provision included in Appellants' contract with Defendant-appellee, Brace Quest Corporation ("Brace Quest"). Raising two assignments of error, Appellants argue that the trial court should have refused to enforce the arbitration provision because Brace Quest fraudulently induced them to enter into the contract. We find that the trial court did not err by enforcing the arbitration provision, and therefore, we affirm.

## I. Facts and Procedural History

**{¶ 2}** On or about March 31, 2016, Appellants entered into a contract (the "Sales Agreement") with Brace Quest for the construction of a log house on their residential lot in Vandalia. Am. Compl. ¶ 1-2, 5 and Ex. A. Among other things, Appellants wanted the appearance of the resulting structure to match the appearance of their preexisting garage, also constructed with logs. *Id.* at ¶ 5 and 11. Some of the discussions leading to the execution of the Sales Agreement were held at Brace Quest's headquarters in Battleboro, North Carolina, and pursuant to Paragraph 16, the Sales Agreement itself is to be governed under North Carolina law. *Id.* at ¶ 10-11 and Ex. A; Appellee's Br. 3. Paragraph 15 of the Sales Agreement requires that disputes be settled through an arbitration proceeding to be conducted in Nash County, North Carolina. *See* Am. Compl., Ex. A.

{¶ 3} Brace Quest submitted a preliminary set of plans to Appellants on or about April 13, 2016, which Appellants deemed unacceptable.   *See id.* at ¶ 19-20.   Appellants and Brace Quest corresponded for several months afterward, and Appellants allege that they were assured by Brace Quest that the logs used to construct the house would match the logs used to construct the preexisting garage.   *See id.* at ¶ 11 and 23.   On June 13, 2016, Brace Quest submitted a set of blueprints ostensibly addressing Appellants' concerns.   *See id.* at ¶ 21-26.   Appellants allege, however, that the blueprints not only failed to address their concerns, but called for an increase in the price of the project, as well.   *Id.* at ¶ 27.

{¶ 4} On August 1, 2016, Appellants demanded that Brace Quest either deliver a set of blueprints in conformity with their expectations, or return all payments that they had made to that date—a total of $36,227.49.   *Id.* at ¶ 37.   Brace Quest refused.   *Id.* at ¶ 38. Appellants filed a complaint in the Montgomery County Court of Common Pleas against Brace Quest on March 24, 2017, asserting causes of action for breach of contract, fraudulent inducement, misappropriation of funds, and violation of the Ohio Consumer Sales Practices Act.   Brace Quest moved to dismiss the complaint, and in response, Appellants filed an amended, albeit substantially similar, complaint on August 25, 2017.

{¶ 5} One week later, Brace Quest moved to dismiss the amended complaint, requesting in the alternative that the case be stayed pending arbitration.   The trial court granted the request for a stay in its final order of January 29, 2018.   On February 28, 2018, Appellants timely filed their notice of appeal to this court.

## II. Analysis

{¶ 6} We address Appellants' assignments of error together because they are

closely interrelated.   For their first assignment of error, Appellants contend that:

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S

MOTION TO STAY PROCEEDINGS AND ENFORCE ARBITRATION.

And for their second assignment of error, Appellants contend that:

THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE

ARBITRATION CLAUSE FOUND IN THE AGREEMENT WAS

ENFORCEABLE AND THAT SUCH ARBITRATION [SHOULD] BE HELD

IN NORTH CAROLINA, INSTEAD OF MONTGOMERY COUNTY, OHIO.

{¶ 7} Appellants allege that Brace Quest fraudulently induced them to enter into the Sales Agreement by concealing, from the outset of negotiations, "its inability to provide exterior logs" for the construction of their log house that would match the logs used in their preexisting garage.   *See* Am. Compl. ¶ 5, 11, 27-29 and 39.   They argue that the trial court should have found the Sales Agreement to be unenforceable in its entirety as a result; alternatively, they argue that the trial court should have found the arbitration provision in Paragraph 15 to be unenforceable because the terms of the Sales Agreement were generally unconscionable.   *See* Appellants' Br. 8-11.

{¶ 8} In a case in which a contractual "dispute falls within [the scope] of an arbitration provision, the provision [itself] must be addressed first."   *Banks v. Jennings*, 184 Ohio App.3d 269, 2009-Ohio-5035, 920 N.E.2d 432, ¶ 10 (2d Dist.).   If the provision is found to be enforceable, then the dispute must be submitted to arbitration; if the provision is found not to be enforceable, then the court must consider, if applicable, "questions of forum selection and choice of law aris[ing]" from the contract.   *See id.* Here, Appellants do not argue that their dispute with Brace Quest falls outside the scope

of the arbitration provision.   *See* Appellants' Br. 8-12.   The trial court found the provision to be enforceable, a legal conclusion that we review de novo.   *Gaither v. Wall & Assocs., Inc.*, 2017-Ohio-765, 79 N.E.3d 620, ¶ 16 (2d Dist.), citing *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 35; *see* Decision, Order and Entry Denying Defendant's Motion to Dismiss and Granting Alternative Motion to Stay Proceedings and Enforce Arbitration 4-5, Jan. 29, 2018 [hereinafter *Decision*].

{¶ 9} Appellants maintain that the trial court should have declined to enforce the arbitration provision because "the [Sales Agreement] as a whole [is] unconscionable." Appellants' Br. 11.   Yet, "when a party challenges an arbitration provision" on this basis, "the party must show that the [provision] itself is unconscionable," rather than the entire contract.   (Emphasis added.)   *Taylor Bldg.* at ¶ 42.   If an arbitration provision is enforceable, then "claims of unconscionability that relate to the contract generally" should be "left to the arbitrator in the first instance."   *Id.*

{¶ 10} A party seeking to avoid an agreement on the grounds of unconscionability "bears the burden of proving that the agreement [at issue] is [not only] procedurally [unconscionable, but also] substantively unconscionable."   (Citations omitted.)   *Id.* at ¶ 34.   The concept of procedural unconscionability implicates the circumstances in which an agreement is negotiated, including factors such as the parties' business experience and intelligence, and in the case at hand, factors such as the availability of alternative suppliers of the goods and services marketed by Brace Quest, and the possibility of making alterations to the terms of the Sales Agreement.   *See id.* at ¶ 44; *see also, e.g., Gaither* at ¶ 21-23 (noting that preprinted contracts are not necessarily unenforceable or unconscionable), and *Banks* at ¶ 14 (noting that a provision requiring arbitration "in

another state" is not per se unenforceable). The concept of substantive unconscionability " 'involves consideration of the terms of the agreement and whether they are commercially reasonable.' " *Gaither* at ¶ 26, quoting *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 33.

{¶ 11} Although Appellants make allegations that could arguably support a finding that the Sales Agreement was, as a whole, procedurally unconscionable, they offer no such allegation specifically directed to the arbitration provision in Paragraph 15. *See* Am. Compl. ¶ 6-7, 12-16 and 55. Because "both procedural and substantive unconscionability must be shown," however, Appellants' contention that the trial court should have declined to enforce the arbitration provision "fails on the lack of procedural unconscionability alone." *Gaither,* 2017-Ohio-765, 79 N.E.3d 620, at ¶ 25. Appellants do allege that the arbitration provision was "substantially one-sided in favor of [Brace Quest]" inasmuch as enforcement of the provision would potentially "deny[ ] [them] the right to a trial by jury," but this allegation hardly suffices to demonstrate substantive unconscionability in light of Ohio's unequivocal public policy, embodied in the Revised Code, favoring the arbitration of contractual disputes. Am. Compl. ¶ 55; R.C. 2711.01(A); *see, e.g., Banks,* 184 Ohio App.3d 269, 2009-Ohio-5035, 920 N.E.2d 432, at ¶ 13. Accordingly, we concur with the trial court's conclusion that the arbitration provision in Paragraph 15 of the Sales Agreement was enforceable.

{¶ 12} The trial court also held that Appellants "cannot avoid the terms of [the Sales Agreement] based upon alleged fraud in the inducement" because "any oral representations made by [Brace Quest]'s representatives regarding [its] ability to provide logs matching those of [the] existing [garage] on [Appellants'] property are not admissible"

pursuant to the parol evidence rule. Decision 4. Appellants' allegations of fraudulent inducement relate exclusively to Brace Quest's representations concerning the materials to be used in the construction of their log house and its experience in the industry, as well as the performance of Brace Quest's obligations under the Sales Agreement. *See* Am. Compl. ¶ 11-19, 23-36 and 65-73. Absent any allegation that Appellants were fraudulently induced to agree specifically to the arbitration clause, "the question of fraudulent inducement [should be] submitted to [the] arbitrator." *Champaign Landmark, Inc. v. Prince*, 2d Dist. Champaign Nos. 97 CA 28, 97 CA 29 & 97 CA 30, 1998 WL 735914, *5 (Oct. 23, 1998); *see also Swayze v. Huntington Invest. Co.*, 2d Dist. Montgomery No. 20630, 2005-Ohio-2519, ¶ 18. Thus, the trial court properly refused to consider any parol evidence cited by Appellants in support of their claim of fraudulent inducement; the claim was irrelevant, under the circumstances, to the court's ruling on Brace Quest's motion for a stay.

## III. Conclusion

{¶ 13} In "determining whether a trial court has properly ruled upon a motion to stay * * * proceedings and compel arbitration, the standard of review is whether the order constitutes an abuse of discretion." (Citation omitted.) *Lindsey v. Sinclair Broadcast Group, Inc.*, 2d Dist. Montgomery No. 19903, 2003-Ohio-6898, ¶ 19. Having found that the trial court did not err by finding the arbitration provision at issue here to be enforceable, or by excluding parol evidence with respect to Appellants' claim of fraudulent inducement, we hold that the trial court did not abuse its discretion by sustaining Brace Quest's motion for a stay. Appellants' assignments of error are overruled, and the trial court's final order of January 29, 2018, is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies mailed to:

David M. Duwel
Martin A. Foos
Hon. Mary Lynn Wiseman